**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *Plaintiff,* v. DOUG BURGUM, and U.S. FISH AND WILDLIFE SERVICE, *Defendants*. | Case No. 1:25-cv-03825-AHA |

## STIPULATED SETTLEMENT AGREEMENT

Plaintiff, the Center for Biological Diversity, and Defendants, the U.S Fish and Wildlife Service ("FWS") and Doug Burgum, in his official capacity as Secretary of the U.S. Department of the Interior, by and through their undersigned representatives enter into the following Stipulated Settlement Agreement ("Agreement") for the purpose of resolving the above-captioned case. The parties thus agree and stipulate as follows:

WHEREAS, on July 5, 2023, Plaintiff submitted to FWS a petition to list the *Betta hendra*—a small, freshwater fish—as endangered under the Endangered Species Act ("ESA");

WHEREAS, in accordance with 16 U.S.C. § 1533(b)(3)(A), FWS issued the "90-day finding" in response to Plaintiff's petition, in which FWS concluded that the petition presented substantial information indicating that the listing of the species under the ESA "may be warranted," *see* 89 Fed. Reg. 4884 (January 25, 2024);

WHEREAS, on April 4, 2025, Plaintiff notified Defendants by letter of its intent to file suit to compel FWS to issue a decision pursuant to 16 U.S.C. § 1533(b)(3)(B) ("12-month finding") on its petition;

1

WHEREAS, on May 19, 2025, FWS responded to Plaintiff's letter, explaining that the 12-month finding for the *Betta hendra* is one of many actions FWS is diligently working to complete;

WHEREAS, some species awaiting findings under the ESA share similar life history, threats, and/or geographical ranges to other species awaiting findings, and FWS endeavors to collect information and issue findings for such similar species simultaneously;

WHEREAS, on October 30, 2025, Plaintiff filed suit to compel FWS to issue the required 12-month finding identified above by a date certain, *see* ECF No. 1;

WHEREAS, the parties entered into a separate settlement agreement in another case in the District of Arizona on August 8, 2022 (Case No. 4:21-cv-00470-RCC; ECF No. 17) wherein Defendants committed to submit to the Federal Register for publication either a "warranted" or a "not warranted" finding pursuant to 16 U.S.C. § 1533(b)(3)(B)(i) or 16 U.S.C. § 1533(b)(3)(B)(ii) of the ESA for the Kaiser-i-hind butterfly on or before July 29, 2027.

WHEREAS, the parties have agreed and intend to move to modify the deadline for the Kaiser-i-hind butterfly from July 29, 2027 to October 25, 2029, so that FWS will review the status of *Betta hendra* and submit to the Office of the Federal Register a finding pursuant to 16 U.S.C. § 1533(b)(3)(B) for *Betta hendra* on or before July 29, 2027, the date previously agreed for the Kaiser-i-hind butterfly.

WHEREAS, the parties, by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claim, have reached a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's complaint;

THEREFORE, the parties hereby stipulate and agree as follows:

1. On or before July 29, 2027, FWS shall submit to the Office of the Federal Register a 12-month finding as to whether listing the *Betta hendra* as a threatened or endangered species is: (a) not warranted; (b) warranted; or (c) warranted but precluded by other pending proposals, pursuant to 16 U.S.C. § 1533(b)(3)(B).

2. In the event of a lapse in appropriations affecting the Department of Interior during the period between the signing of this Agreement and FWS's fulfillment of the action specified in Paragraph 1, the deadline set forth in Paragraph 1 shall be extended by the number of calendar days between the first day of the lapse in appropriations and the date the President signs into law a budget appropriation such that funding is restored to the Department of Interior. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

3. Without waiving any defenses or making any admissions, Defendants agree to pay Plaintiff $15,000 in attorneys' fees and costs. Plaintiff agrees to accept $15,000 from Defendants in full satisfaction of any and all claims, demands, rights, and causes of action for any and all attorneys' fees and costs Plaintiff reasonably incurred in connection with the above-captioned litigation through the date of this Agreement.

4. Plaintiff acknowledges that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 602(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the award of attorneys' fees and costs Plaintiff's delinquent debts to the Unites States, if any. *See, Astrue v. Ratliff*, 560 U.S. 586 (2010).

5.  Plaintiff agrees to furnish Defendants with the information necessary to effectuate the payment set forth in Paragraph 3. Payment will be made to the Center for Biological Diversity by electronic funds transfer. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award within fourteen (14) days from receipt of the necessary information from Plaintiff or from approval of this Agreement by the Court, whichever is later.

6.  Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the deadlines in Paragraph 1.

7.  Defendants do not waive any right to contest fees and costs claimed by Plaintiff or Plaintiff's counsel in any future litigation or pursuant to Paragraph 6.

8.  The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.

9.  In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve

the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

10. If Defendants fail to meet the deadline specified in Paragraph 1 above and have not sought to modify such deadline, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

11. This Agreement requires only that Defendants take action by the deadline specified in Paragraph 1 and to pay attorneys' fees and costs as specified in Paragraph 3. The Agreement does not limit FWS's authority with regard to the substantive outcome of any determinations under the ESA pursuant to Paragraph 1. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determinations made pursuant to Paragraph 1 of the Agreement. To challenge a final determination issued pursuant to Paragraph 1, Plaintiff must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

12. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the

future by any other party. Except as expressly provided in this Agreement, none of the parties waives or relinquishes any legal rights, claims, or defenses it may have. This Agreement is executed for the purpose of settling Plaintiff's complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

13. The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense except as expressly stated herein. This Agreement contains all terms of agreement between the parties and is intended to be the final and sole agreement between the parties. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

14. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

15. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

16. Upon the Court's adoption of this Agreement, all counts of Plaintiff's complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement, and to resolve any motions to

modify such terms until Defendants have complied with the deadline specified in

Paragraph 1. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: July 23, 2026

Respectfully Submitted,

*/s/ Tanya Sanerib*
TANYA SANERIB
DC Bar No. 473506
Center for Biological Diversity
1025 1/2 Lomas Blvd NW
Albuquerque, NM 87102
Tel: (206) 379-7363
Email: tsanerib@biologicaldiversity.org

**Attorney for Plaintiff**

ADAM R.F. GUSTAFSON,
Principal Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
NICOLE M. SMITH, Assistant Section Chief

*/s/ Davis A. Backer*
DAVIS A. BACKER
Senior Trial Attorney (CO Bar No. 53502)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Tel: (202) 305-5469
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov

**Attorneys for Defendants**

**IT IS SO ORDERED.**

Dated: _____    Signed by: _____

**HON. AMIR H. ALI**
**UNITED STATES DISTRICT JUDGE**